Note—The opinion of the Cincinnati Superior Court will be found in 4 Abs. 9.

---

No. 722

CLARK v. STATE

Ohio Appeals, 6th Dist., Sandusky Co.

No. 169. Decided June 21, 1926

Judge Mauck, 5th Dist., sitting.

1162. TESTIMONY—Where a question is asked and objection thereto sustained, the asking of the question alone cannot constitute prejudicial error.

465. ERROR—Where remarks of counsel for state are not so flagrantly improper as to prevent a fair trial, and objections and exceptions are not made to same, error cannot be predicated upon such remarks.

333. CRIMINAL LAW—State may show intelligence of defendant by certain tests in order to rebut the claim that he lacked sufficient mental capacity.

WILLIAMS, J.

William Clark was indicted on a charge of murder in the first degree for killing Ralph Hoffman; and was also charged with homicide in attempting to perpetrate a robbery. He was found guilty in the Sandusky Common Pleas, upon both counts without a recommendation of mercy; and error was prosecuted to reverse the judgment of convictions.

The Court of Appeals held:

1. Defendant did not deny the shooting but relied mainly upon the defense of insanity.

2. In attempting to rebut the claim that Clark lacked sufficient mental capacity to commit the crime, it was proper for the state to show the intelligence of the defendant, disclosed by certain tests.

3. It is claimed that improper remarks made by counsel assisting the prosecuting attorney, warranted a new trial; the statement complained of being in respect to testimony of defendant wherein he testified that he went to Hoffffman's farm merely to rob the house and not the person.

4. Improper remarks of counsel for state should be at once objected to and exceptions taken, otherwise error cannot be predicated upon the alleged improper remarks.

5. The remarks made were not so flagrantly improper as to prevent a fair trial.

6. It is complained that a question asked of one of defendant's witnesses, whether she had been arrested since defendant was arrested, was prejudicial.

7. Since the objection to the question was sustained the defendant cannot be prejudiced by the question alone; for if this constituted prejudicial error it would be impossible to conduct a trial in such a manner that the judgment would stand.

8. The only way that the question of admissibility of doubtful testimony can be raised is by asking the question.

9. The record being free from prejudicial error, the judgment is affirmed.

Judgment affirmed.

Attorneys—A. L. Kreisberg, Cleveland, & Ben H. Dewey, Clyde, for Clark; George C. Sheffler, Pros. Atty., Fremont, for State.